# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| | |
|---|---|
| THOMAS MCGOVERN,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, TOM WOODS, ROSS SWANSON, TOM WILSON, KEN MARTHALLER, LYNN FOSTER, PAT SMITH, LEONARD MIHELICH,<br><br>Defendants. | Cause No. CV 12-00101-H-DLC-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Mr. McGovern, who is incarcerated, alleges prison staff and officials violated his religious rights by depriving him of Wiccan religious materials and worship opportunities. CD 13. Three counts in Mr. McGovern's Complaint state claims under the Religious Land Use and Institutionalized Persons Act: Count 2, alleging a prison policy that limits him to one religion deprives him of the opportunity to participate in Native American Sweats; Count 4, alleging Wiccan materials are not provided to inmates in disciplinary segregation, and Count 5, alleging he is not allowed to have an important book of prayers.

1

Defendants Ferriter, Woods, Swanson, Wilson, Marthaller, Foster, Smith and Mihelich must respond to Counts 2, 4 and 5 of the Amended Complaint. Mr. McGovern's allegations in Counts 1, 3 and 6 of the Amended Complaint do not plausibly allege substantial burdens have been imposed on Mr. McGovern's sincerely-held religious beliefs. Mr. McGovern has already had the opportunity to amend his Complaint with specific instructions regarding pleading requirements. Further amendment would be futile. Counts 1, 3 and 6 should be dismissed with prejudice.

## JURISDICTION

Mr. McGovern filed this action in federal court, in the Helena Division of the District of Montana. CD 2. Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The federal court has subject matter jurisdiction, as the Complaint alleges violations of right protected by federal law. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. McGovern previously filed a complaint that the court reviewed before service, as it must for complaints filed by prisoners. CD 2, 28 U.S.C. 1915. The complaint could not be served because certain counts did not state a claim on which relief could be granted, and Mr. McGovern had not satisfied the administrative exhaustion requirement for the remaining claims. CD 12. However, Mr. McGovern was granted leave to amend the complaint to attempt to correct the deficiencies. CD 12.

Mr. McGovern filed an Amended Complaint on March 4, 2013. CD 13. The Amended Complaint also must be reviewed before it is served on the Defendants to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915, 1915A. If so, the Amended Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). This is the review.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a

complaint, as amended, would be subject to dismissal." <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989).

## C. RLUIPA

Mr. McGovern  alleges he has been deprived of religious rights in prison. CD 13.  Though he presents the allegations as violations of the United States and Montana constitutions, they will be construed and analyzed under the Religious Land Use and Institutionalized Persons Act, 42 U.S. 2000cc et seq. ("RLUIPA"). RLUIPA has a stricter standard of review of prison regulations than First Amendment standards.  <u>Shakur v. Schriro</u>, 514 F.3d 878, 888 (9th Cir. 2008). Also, "prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 99 (1981).

RLUIPA provides,

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution  . . .  even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the  burden on that person

(1) is in furtherance of a compelling governmental interest; and

 (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.§ 2000cc–1(a).

Religious exercise under RLUIPA "includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). A "substantial burden" is a burden that is "'oppressive' to a 'significantly great' extent." Warsoldier, 418 F.3d at 995 (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir.2004)).

A prison is not required by RLUIPA to pay for an inmate's devotional accessories. 42 U.S.C. 2000cc-1(a); Knows His Gun v. Montana, 866 F.Supp.2d 1235 (2012). However, allegations that the prison prohibits important items necessary for proper practice of religious ceremonies, satisfies the pleading standard for a RLUIPA claim. Id. at 1240.

RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs. Indreland v. Yellowstone County Bd. of Comr's, 693 F. Supp. 2d 1230 (D. Mont. 2010). Under RLUIPA, prison officials bear the burden of establishing that the restriction challenged is the least restrictive alternative to achieve a compelling governmental interest. Alvarez v. Hill, 518 F.3d 1152 (9th Cir. 2008). Prison officials cannot justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison, but instead they must demonstrate that they actually considered and rejected the

efficacy of less restrictive measures before adopting the challenged practice. Alvarez v. Hill, 518 F.3d 1152 (9th Cir. 2008).

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. McGovern has been incarcerated at Montana State Prison since June 2011. He practices the Wiccan religion. He alleges his ability to practice his religion has been improperly restricted, as set forth below.

### Count 1 – Tarot Cards

On January 29, 2009, Mr. McGovern purchased a deck of Tarot cards from an approved religious vendor while he was incarcerated in the Dawson County Detention Facility. In June 2011, Mr. McGovern was transferred from Dawson County to Montana State Prison and his Tarot cards were confiscated by Defendants Marthaller and Foster because they allegedly contained nudity. Defendants Marthaller and Foster told Mr. McGovern that if he wanted Tarot cards he would have to purchase a new deck from the Montana State Prison canteen. CD 13-1, pp. 2-5.

Mr. McGovern states the use of these cards is essential to his faith. He

states that divination[1] has been an important part of practicing his religion, and tarot cards are the only divination tool permitted by the prison.  He alleges he is unable to afford to purchase a new deck of tarot cards through the MSP canteen because of the high price and the extremely limited pay offered to inmates.  CD 13-1, p. 5.

### Count 2 – Registration policy

Prior to leaving Dawson County Detention Center, Mr. McGovern was required to register his religious preference.  At Dawson County he was allowed to register as a Native American/Wiccan.  Once at Montana State Prison, Mr. McGovern attempted to again register as a "Native American/Wiccan."  Defendant Tom Wilson told Mr. McGovern that he could not do this even though the form had a box for "Native American & Christian."  There is a notation on the form stating, "Montana State prison recognizes the unique characteristics of Native American spirituality that sometimes includes Catholicism/Christianity."  CD 2-1, p. 5.

Mr. McGovern's family is from the Blackfeet Reservation in Browning, Montana.  He attended Native American services and Wiccan services prior to this policy.  CD 13-1, p. 7.  He alleges the prison's policy prevents him from practicing

[1]Fortune telling.

sincerely held religious beliefs such as the Native American Sweat ceremony. Mr. McGovern alleges that Defendants Ferriter, Swanson, Woods, Smith, Wilson and Mihelich enacted and the enforce the policy. CD 13-1, pp. 7-9.

### Count 3 – Accommodations for Wiccan Services

Mr. McGovern alleges that in July and August 2011 he made requests for "accommodations" for upcoming Wiccan holidays, including herbs, oils, an apple, a pail of dirt, a bowl of soil, and bread.

Mr. McGovern requested a variety of herbs that he contends are a major part of the Wiccan practice. Each herb has a particular property used for specific rites, rituals, and spells. He alleges the denial of the requested herbs substantially burdened his religious practice in that it prevented him from doing any type of spellcraft and forced him to "water down" his rites and rituals, caused a feeling of insincerity and loss of genuine religious experience. CD 13-1, pp. 10-11.

Mr. McGovern also requested that a number of oils be added to the communal items list including an altar oil, a blessing oil, and an anointing oil – all of which are used for a specific purpose. He alleges the denial of these oils puts a substantial burden on Mr. McGovern's practice because he is unable to anoint, bless or empower objects or participants during rituals. As a result, he has had to "water down" his rituals which has compromised his spiritual experience.

Mr. McGovern also asked for an apple and a pail of dirt to be added to the communal list of religious items. The Wiccan religion calls for the burial of an apple in the ground. Because MSP staff will not allow the burial of the apple in the ground, Mr. McGovern seeks a pail of dirt so he can symbolically bury the apple. He requested the pail and apple for an October 31, 2012 holiday. The request was denied.

Mr. McGovern has also requested that a bowl of soil be added to the communal list of religious items. He seeks the bowl of soil to symbolically plant seeds during the Wiccan holiday "Ostara." The bowl of soil, like the pail, is a proposed alternative to planting outside. The planting of the seeds is a traditional and symbolical ritual in the Wiccan religion. Mr. McGovern alleges the denial of the soil deprives him of the ability to take part in a sincerely held religious belief. CD 13-1, pp. 13-14.

Lastly, Mr. McGovern requested breads for specific holidays. He requested bread during the "simple feast" or "benediction" portion of the ritual during a Sabbat or holiday. The request was denied. Mr. McGovern alleges the denial of bread substantially burdens his religion because he is not allowed to engage in rites and rituals that adhere to sincerely held beliefs. CD 13-1, pp. 14-15.

Mr. McGovern alleges Defendants Ferriter, Mihelich, Wilson, Woods, and

Swanson are all responsible for the denial of these requested accommodations as they all sit on the Religious Issue Committee and have participated in the decision to deny these requests. CD 13-1, pp. 15-16.

### Count 4 – Denial of religious materials in disciplinary confinement

On February 4, 2012, Mr. McGovern was placed in disciplinary segregation. While there, he sent a request "kite" for his Book of Shadows. CD 13-1, p. 16. During the 15 days Mr. McGovern was in disciplinary segregation, he received neither the book nor a reply to his request. CD 13-1, p. 17. Mr. McGowan alleges that the Book of Shadow is the Wiccan equivalent to the bible. He alleges that without the book he was unable to engage in any religious observances or perform any type of solitary rite. CD 13-1, p. 8.

Mr. McGovern alleges that prison policy allows inmates in disciplinary segregation one "state issued religious text," but the prison has no state-issued religious text for the Wiccan religion. CD 13-1, p. 8. Mr. McGovern alleges Defendants Marthaller and Foster are responsible for responding to "kites" concerning property issues. He sent such a kite and never received a response. He also names Tom Wilson as a Defendant in this claim alleging that as the Religious Activities Coordinator at the time, Wilson was responsible for supplying religious texts to the prison unit where Mr. McGovern was housed. CD 13-1, pp. 17-18.

**Count 5 – Book of Pagan Prayers**

Mr. McGovern alleges that at his request the Religious Activities Center ("RAC") ordered the book titled "A Book of Pagan Prayers." Defendant Tom Wilson would not permit the book because it contained "curses," which were against prison policy 5.6.1 (religious programming). Mr. McGovern alleges that this book is essential to his religious practice because it provides an element that is not currently available: specific prayers for specific events. CD 13-1, pp. 18-19.

Mr. McGovern alleges Mr. Wilson denied the book in question and Defendants Wilson, Woods, Mihelich, and Ferriter implemented the policy on which the book was denied.

### F. Count 6 — Cancellation of services

Mr. McGovern alleges that on October 26, 2011; May 28, 2012; and September 3, 2012, the weekly service for the Wiccan group was canceled, with no attempts to reschedule or offer an alternative service. He alleges these cancellations substantially burdened his practice of religion. CD 13-1, pp. 20-21.

**Relief Requested**

Mr. McGovern seeks a preliminary and permanent injunction ordering Defendants to allow the requested accommodations: for property to be added to the Wiccan communal and personal property list; to reschedule canceled groups;

to remove the "religious preference" requirement allowing Mr. McGovern to attend both Native American and Wiccan services; to allow him to have his Book of Shadows while in pre-hearing confinement; and to allow books that contain "curses."  He also seeks $18.00 from Defendants Marthaller, Foster and Smith for the destruction of his Tarot cards.  CD 13-1, p. 25.

## ANALYSIS

### Count 1 - Tarot cards

Count 1 of Mr. McGovern's Complaint fails to state a claim on which relief can be granted.  Mr. McGovern does not allege that he has been denied Tarot cards, only that the Tarot cards he had were confiscated because they contained nudity and he cannot afford new cards.  Depriving Mr. McGovern of Tarot cards that contain nudity does not impose a substantial burden on Mr. McGovern's religion; Mr. McGovern does not allege that nudity on the cards has any religious significance.  His inability to afford them does not implicate RLUIPA.  The prison is not obligated to pay for Mr. McGovern with the accessories he seeks.  Knows His Gun, 866 F.Supp.2d at 1240; Cutter v. Wilkinson, 544 U.S. 709, 720, n. 8 (2005).  The allegations do not implicate a federally protected right.  Count 1 should be dismissed.

## Count 2 - Registration requirement

Mr. McGovern's allegation that prison policy deprives him of the opportunity to participate in Native American religious states a RLUIPA claim. Mr. McGovern has pleaded facts to support the sincerity of his belief – his past observance of Native American rites and his familial ties to the Blackfeet Reservation. He alleges that the policy forces him to choose between sincerely held beliefs, so that he must forsake one set or the other. He pleads facts in support of that allegation – that he was denied the opportunity to participate in a Wiccan service until he registered as a Wiccan, and was not allowed to register as Wiccan/Native American. These allegations are sufficient to state a claim under RLUIPA at this stage of the proceedings. Mr. McGovern alleges that Defendants Ferriter, Swanson, Woods, Smith, Wilson and Mihelich were involved in the drafting and enacting of Policy 5.6.1 (religious programming). Defendants Ferriter, Swanson, Woods, Smith, Wilson and Mihelich, whom Mr. McGovern alleges are responsible for the registration policy, must respond.

## Count 3 - Wiccan accommodations

Mr. McGovern alleges he has been denied "97 percent" of the religious items he requested, including: 33 types of herbs, three types of oils, a pale of dirt, an apple, a bowl of dirt, and at least three kinds of bread. Mr. McGovern alleges

that being deprived of each item denied him the ability to take part in a sincerely held belief. He also alleges the deprivations forced him to "water down" his religious ceremonies.

Mr. McGovern's allegations in Count 3 do not state a RLUIPA claim. Despite his conclusory allegation that the alleged denials have substantially burdened his religion, he has not alleged that any particular deprivation has been oppressive to his religion to a significantly great extent. Watering down his ceremonies does not amount to a substantial burden. See Navajo Nation v. U.S. Forest Service, 535 F.3d 1058 (9th Cir. 2008). Mr. McGovern cannot reach the "substantial burden" threshold by lumping together separate instances of insubstantial denied accommodations and claiming his religion is substantially burdened by the cumulative effect. See Bell A. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions). Count 3 should be dismissed.

**Count 4 - Denial of religious material during confinement**

Mr. McGovern's allegation that he was placed in disciplinary segregation without religious materials, and denied the Book of Shadows he requested, states a RLUIPA claim. According to his allegations, Mr. McGovern was denied the ability to practice his religion at all during his 15 days in confinement. These

allegations state a claim under RLUIPA.  See <u>Rouser v. White</u>, 630 F. Supp 1165, 1188 (E.D. Cal., 2009) (Allegation that prisoner was deprived Wiccan "bible" while in administrative segregation stated a claim under RLUIPA).   Defendants Marthaller, Foster and Wilson, whom Mr. McGovern alleges are responsible for providing religious materials to inmates in pre-hearing confinement, must file an answer to Count 4.

**Count 5 - Denial of "a book of pagan prayers"**

Mr. McGovern's allegation that prison policy deprives him of a book called "A Book of Pagan Prayers" states a RLUIPA claims.  Mr. McGovern plausibly alleges throughout the Complaint that his Wiccan beliefs are sincerely held.  He plausibly alleges that the denial of the book places a substantial burden on the practice of his religion; supporting the claim with the allegation that the book is contains specific, necessary prayers not currently available to him.  CD 13-1, P. 19.  These allegations satisfy the minimal requirement to advance through this stage of the proceedings.  While Mr. McGovern notes that the book he seeks is prohibited because it contains curses, which are not allowed under prison policy, the burden remains on prison officials to show that this policy is the least restrictive means of achieving a compelling state purpose.  Defendants Wilson, Woods, Mihalich, and Ferriter, whom Mr. McGovern alleges are responsible for

the policy, must answer Count 5.

**Count 6 - Cancellation of Wiccan services**

Mr. McGovern's allegations regarding the cancellation of Wiccan services three times over a one-year span do not state a RLUIPA claim. Mr. McGovern does not allege – and cannot plausibly allege – that the three cancellations substantially burden his practice of religion. CD 13-1, p. 20. Planned events occasionally must be cancelled due to extenuating circumstances, both in prison and society at large. Cancellation of Wiccan services a few times each year cannot be considered "oppressive to a significant extent." Count 6 should be dismissed.

**Relief requested**

Mr. McGovern has requested both monetary damages and injunctive relief. He may not pursue monetary damages, as the state is immune to suit for monetary damages in federal court under the 11th Amendment of the United States Constitution. The Department of Corrections is a state agency, so it and its officials are also immune. Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989). Mr. McGovern may, however, pursue prospective injunctive relief against state officials. Ex Parte Young, 209 U.S. 123 (1908); Mayweathers v. Newland, 314 F.3d 1062, 1069-1070 (9th Cir. 2002).

**Amendment**

Mr. McGovern was given an opportunity to amend his Complaint, with specific guidance regarding the deficiencies in the Complaint and the requirements to state a legal claim. CD 12. He has now amended the Complaint, so that some counts meet the requirements. Others remain deficient, despite the court's liberal interpretation, and could not be salvaged with additional allegations. Further amendment of those counts would be futile. They should be dismissed with prejudice.

It is **ORDERED:**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Ferriter, Woods, Swanson, Wilson, Marthaller, Foster, Smith and Mihelich to waive service of summons of Mr. McGovern's Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). <u>See also</u> 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall forward the documents listed below to legal counsel for the Montana Department of Corrections:

* Complaint CD2;

* Brief in Support of Complaint CD 3;

* Order granting Leave to File an Amended Complaint CD 12;

* Amended Complaint CD 13;

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Should counsel determine they do not represent Defendants, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. <u>See</u> D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice.

The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Mr. McGovern shall not make any motion for default until at least seventy (70) days after the date of this Order.

6.  Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

7.  At all times during the pendency of this action, Mr. McGovern SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Mr. McGovern has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE

OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1.  Counts 1, 3and 6 be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If either party files objections, they must itemize each factual finding to which objection is made and must identify the evidence in the record they rely on to contradict that finding.  In addition, they must itemize each recommendation to which objection is made and must set forth the authority they rely on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of September, 2013.

_/s/ Keith Strong_____
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    Legal Counsel for the
        Montana Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

       A lawsuit has been commenced by an incarcerated pro se plaintiff against the following: Mike Ferriter, Tom Woods, Ross Swanson, Tom Wilson, Ken Marthaller, Lynn Foster, Pat Smith, and Leonard Mihelich. A copy of the Complaint and Amended Complaint are attached to this notice. They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-12-00101-H-DLC-RKS. The Court has completed its pre-screening and concludes that these Defendants must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

       This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

       If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

       If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the Complaints personally on Defendants and may impose the full costs of such service.

                      /s/ Keith Strong
                      Keith Strong
                      United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:    The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  McGovern v. Ferriter, et al., Civil Action No. CV-12-00101-H-DLC-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Complaint and Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and additional copies of the complaints in this action by not requiring the following individuals be served with judicial process as provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____
DATE

                                 _____
                                   SIGNATURE

                                 _____
                                   PRINTED/TYPED NAME

                                 _____

                                   ADDRESS