IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS MCGOVERN,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, TOM WOODS, ROSS SWANSON, TOM WILSON, KEN MARTHALLER, LYNN FOSTER, PAT SMITH, LEONARD MIHELICH,<br><br>Defendants. | CV 12–101–H–DLC<br><br>ORDER<br><br>**FILED**<br>OCT 2 4 2013<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge R. Keith Strong entered Findings and Recommendations on September 13, 2013, recommending dismissal with prejudice of Counts 1, 3, and 6 of Plaintiff Thomas McGovern's complaint against Defendants. He found that Defendants must respond to Counts 2, 4, and 5 of the Amended Complaint. McGovern timely objected to the findings and recommendations and is therefore entitled to *de novo* review of the specified

findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the facts of the case, they will only be discussed as necessary to explain the Court's ruling. The Court adopts Judge Strong's findings and recommendations in part.

McGovern objects to Judge Strong's recommendation that Count 6 of the Amended Complaint be dismissed. He does not object to the recommendation that Counts 1 and 3 be dismissed. Accordingly, only the recommendation that Count 6 be dismissed is reviewed *de novo*.

Count 6 alleges that over the course of about a year prison officials cancelled three Wiccan services with no attempt to reschedule or offer an alternative service. Count 6 further alleges that "[o]n at least one of these cancellations other faith groups were allowed to hold or attend their service." (Doc. 13-1 at 20.) Count 6 also alleges unequal treatment with respect to rescheduling Wiccan services and modification of the prison schedule to

accommodate Wiccan services. Judge Strong recommended dismissal because he found that cancellation of Wiccan services a few times each year cannot be considered "oppressive to a significant extent" to McGovern's practice of religion. (Doc. 14 at 17; citing *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)(quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). McGovern objects that Judge Strong did not address his allegation that the cancellations violate his 14th Amendment right to equal protection of the law.

The Court finds that Count 6 adequately states a claim for relief for violation of McGovern's 14th Amendment right to equal protection of the law. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432 (1985). Thus, prison officials must afford a prisoner "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Cruz v. Beto*, 405 U.S. 319, 322 (1972); see also *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997)(*overruled on other grounds*). McGovern alleges that Defendants cancelled the Wiccan services while other faith groups were allowed to hold or attend their services. He also alleges

that other faith groups were given the opportunity to reschedule their services while his attempts to reschedule the Wiccan services were denied the same treatment and opportunity to reschedule. McGovern's claims based on his right to equal protection under the 14th Amendment are sufficient to survive dismissal.

In addition, the Court finds that McGovern has adequately stated a claim for relief under RLUIPA. Judge Strong found that "McGovern does not allege–and cannot plausibly allege–that the three cancellations substantially burden his practice of religion." (Doc. 14 at 17.) However, in reading plaintiff's complaint, the Court concludes that Count 6 includes what appears to be an allegations that the cancellations substantially burdened the plaintiff's practice of religion. (Doc.13-1 at 21 ¶ 1, at 21-22, ¶¶ 2-5.)[1]

Ninth Circuit case law provides that the appropriate focus for measuring a substantial burden on a plaintiff's religious practice is not on the plaintiff's practice of religion as a whole, but on "*any* exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2008)(*quoting* 42 U.S.C. § 2000cc-5(7)(A))(emphasis in original). In *Greene*, the Court found a RLUIPA violation

---

[1] Specifically, at p. 21, ¶ 1, McGovern alleges that Defendant Wilson was "responsible for the cancelation of wicca services" which "substantually burdened the plantiff ability to pratice." [sic]

when the plaintiff was denied the ability to participate in group worship, even though the plaintiff was otherwise free to practice his religion in other ways. The Court expressly rejected the defendant's position that it could "impose outright bans on particular aspects of an inmate's religious exercise, so long as in the aggregate, those bans do not amount to a substantial burden." *Id.* 513 F.3d at 987. The Court held that "the 'religious exercise' at issue in Greene's lawsuit is group worship, not Christianity." *Id.*, 513 F.3d at 988. With the analysis focused on the discrete religious exercise prohibited, the Court held "[w]e have little difficulty in concluding that an outright ban on a particular religious exercise is a substantial burden on that religious exercise." A substantial burden on "*any* exercise of religion, whether or not compelled by, or central to, a system of religious belief" may constitute a RLUIPA violation. 42 U.S.C. § 2000cc-5(7)(A))(emphasis added.)

McGovern alleges that a particular religious exercise was prohibited by Defendants and that this prohibition substantially burdened his religion. While the Court makes no determination about the actual merits of McGovern's claim under RLUIPA, it finds that he has adequately stated a claim sufficient to escape dismissal at this stage. Defendants must also respond to Count 6 of the Amended Complaint.

The Court finds no clear error in any of the remaining Findings and Recommendations. Judge Strong recommended dismissing Count 1 because he found that the confiscation of McGovern's tarot cards containing nudity did not implicate a federally protected right, especially in light of the fact that McGovern does not allege that nudity on the cards has any religious significance. Judge Strong recommended dismissing Count 3 because he found that McGovern's allegation that Defendants' denial of various religious items, which allegedly resulted in a "water[ing] down" of some of his ceremonies, is insufficient to state a claim under RLUIPA because the allegations do not meet the requirement that McGovern's religious exercise was burdened to a significantly great extent. (Doc. 14 at 15; *quoting* Doc. 13-1 at 11; *citing San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).) Judge Strong also recommended denying McGovern's claim for monetary relief because the state is immune to suit for monetary damages in federal court under the 11th Amendment of the Unites States Constitution. McGovern does not object to these findings and recommendations and the Court finds no clear error in them. Accordingly, Counts 1 and 3, and McGovern's claim for monetary damages, will be dismissed with prejudice.

IT IS ORDERED that Judge Strong's Findings and Recommendations (Doc.

14) are ADOPTED IN PART. Counts 1 and 3 of McGovern's Amended Complaint are DISMISSED WITH PREJUDICE. Defendants must further respond to Count 6 of the Amended Complaint.

Dated this 24th day of October 2013.

Dana L. Christensen, Chief Judge
United States District Court