IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS MCGOVERN,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, et al.,<br><br>Defendants. | CV 12-00101-H-DLC-RKS<br><br>ORDER DENYING MOTION TO COMPEL |

Plaintiff Thomas McGovern has filed a Motion to Compel Discovery. (Doc. 50.) Based upon Defendants' response to Mr. McGovern's motion, it appears that the parties have resolved most of the issues raised in the motion. The unresolved issue pertains to Mr. McGovern's request for copies of grievances filed by other inmates regarding the religious policy at issue in this case. Mr. McGovern's motion is denied.

**I. Legal Standard for Motions to Compel**

The Court has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)). If no claim of privilege applies, the production of evidence can be compelled regarding any matter that is "relevant to any party's claim or defense ...

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

## II. Discussion

### A. Grievances Regarding Policy 5.6.1

Mr. McGovern seeks all grievances filed about Montana State Prison Policy No. 5.6.1 from 2010 to present. Mr. McGovern submits that this request may lead to possible witnesses and additional plaintiffs and may show a pattern of violation of inmates' religious rights. (Brief in Support of Motion to Compel, Doc. 51 at 3.)

In their discovery responses, Defendants objected to this request on the grounds that it was so broad and unlimited as to time and scope as to be an unwarranted annoyance, it was oppressive, and to comply with the request would impose an undue burden and expense. Defendants also objected that the request sought information not relevant to the gravamen of the lawsuit and not calculated to lead to the discovery of admissible evidence. (Disc. Responses, Doc. 51-1 at 2.)

Mr. McGovern argues that the grievance system is structured to be reviewed and cataloged to identify problems and a pattern of actions. Therefore, he submits, the production of these documents should not be a burden, since the system is designed to do just that. (Brief in Support of Motion to Compel, Doc. 51 at 3.) In

2

their response, Defendants do not dispute Mr. McGovern's arguments but do argue that the burden is a question of the "added burden of ensuring McGovern's safety if the material is produced." (Response, Doc. 52 at 3.)

Mr. McGovern has not demonstrated that the grievances he seeks are reasonably calculated to lead to the discovery of admissible evidence. Mr. McGovern's claims against Defendants are based upon Defendants' treatment of him. Grievances filed by other inmates would not be evidence of Defendants' liability toward Mr. McGovern. He has not alleged a pattern of violations and the deadline for amending the pleadings ran on January 10, 2014. (Doc. 22: Scheduling Order.) Any attempt to add other plaintiffs or add a claim regarding a pattern of violations would be untimely. Discovery of a potential pattern or other "victims" will not be relevant to the issue of whether Defendants violated Mr. McGovern's rights.

### B. Remaining Requests

Defendants have provided the contact information for Noel Anderson and Ken Engle is deceased. In addition, Defendants submitted that the parties have reached a compromise regarding Mr. McGovern's request for the inmate numbers and locations of other inmates. Mr. McGovern did not dispute Defendants' representations. These issues appear resolved.

It is **ORDERED:**

1. Mr. McGovern's Motion to Compel (Doc. 50) is denied.

2. At all times during the pendency of this action, Mr. McGovern shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 26th day of June, 2014.

                                           */s/ Keith Strong*
                                           Keith Strong
                                           United States Magistrate Judge